IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ALLEN JENNINGS SR., | ) | 4:18CV3056 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA; THOMAS C. RILEY, Douglas County Public Defender: REBECCA A. McCLUNG, Douglas County Public Defender: DOUGLAS J. PETERSON, Attorney General; NATHAN A. LISS, Attorney General:, and SCOTT R. FRAKES, Director of N.D.C.S., | ) | |
| Defendants. | ) | |

Plaintiff, Allen Jennings, Sr., who is incarcerated in the Community Corrections Center in Lincoln, Nebraska, filed his Complaint (Filing 1) on April 18, 2018, and was granted leave to proceed in forma pauperis on April 20, 2018 (Filing 6). The initial partial filing fee was paid on June 14, 2018. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action seeking to recover damages from Defendants for alleged statutory and constitutional violations in connection with his criminal case in the District Court of Douglas County, Nebraska. Seven claims are listed in the Complaint:

1. A due process claim against the Nebraska Attorney General, Douglas J. Peterson ("Peterson"), and Assistant Attorney General, Nathan A. Liss ("Liss"), for failure to comply with Neb. Rev. Stat. § 29-2317(3), which provides in part:

> The prosecuting attorney [who has filed a notice of intent to take an appeal from county court to district court] shall then file the notice in the district court within thirty days from the date of final order and within thirty days from the date of filing the notice shall file a bill of exceptions covering the part of the record referred to in the notice.

Plaintiff alleges that a bill of exceptions was not filed until 46 days from the date of filing of the notice. (Filing 1, p. 4)[1]

2. A due process claim against the Director of the Nebraska Department of Correctional Services ("NDCS"), Scott R. Frakes ("Frakes"), Peterson, and Liss because they "did not have Plaintiff released on original O.R. bond from plea-based convictions or detained in county jail," and "Plaintiff was detained in prison after sentences, was 'vacated.'" (Filing 1, p. 5) Plaintiff cites Neb. Rev. Stat. § 28-105, which provides:

> All sentences for maximum terms of imprisonment for one year or more for felonies shall be served in institutions under the jurisdiction of the Department of Correctional Services. All sentences for maximum terms of imprisonment of less than one year shall be served in the county jail.

3. A due process claim based the fact that although a mandate from the Court of Appeals vacating Plaintiff's sentence and remanding for resentencing was

---

[1] From a review of the record in Plaintiff's criminal case, *see infra*, it appears Plaintiff is referring to the fact that a notice of appeal from the District Court to the Nebraska Court of Appeals was filed by Plaintiff on January 5, 2017, and that the Clerk of the District Court filed notice in the Court of Appeals on February 21, 2017, stating that the bill of exceptions had been filed in the District Court on February 16, 2017. Neb. Rev. Stat. § 29-2317(3) does not apply in this situation.

issued on September 27, 2017, Plaintiff's resentencing was not scheduled to take place in the District Court until April 24, 2018. (Filing 1, p. 6)

4. A claimed violation of 18 U.S.C. § 4109 (right to counsel, appointment of counsel)[2] by the Douglas County Public Defender, Thomas C. Riley ("Riley"), and Assistant Public Defender, Rebecca A. McClung ("McClung"), because Plaintiff's "case [was] closed at public defender office [as of] September 27, 2017," and also against Peterson and Liss because they did not contact the District Court Judge immediately after the mandate was issued to schedule resentencing. (Filing 1, p. 7) Plaintiff alleges he personally contacted the Judge in order to obtain a hearing date.

5. A due process claim against Frakes because "[t]he last seven months Plaintiff has been incarcerated without legal representation and without a sentence in NDCS." (Filing 1, p. 8)

6. A claimed violation of 18 U.S.C. § 3006A (adequate representation of defendants)[3] by Riley and McClung because the "Public Defenders Office closed [Plaintiff's] case [on] September 27, 2017," before resentencing. (Filing 1, p. 9)

7. A due process claim based on the fact that "Plaintiff [has been] held without bond or sentence since September 29, 2017 [when the mandate vacating Plaintiff's sentence was received by the District Court]." (Filing 1, p. 10)

II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

---

[2] Section 4109 pertains to transfers of prisoners to or from foreign countries, and has no application here.

[3] Section 3006A applies only to federal prosecutions.

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

III. DISCUSSION OF CLAIMS

For the reasons discussed below, the court finds and concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and that certain

Defendants are immune from suit. The court also concludes that amendment would be futile, and, consequently, that the action should be dismissed.

### A. *Nebraska Court Proceedings*

As part of its initial review, and in order to obtain a better understanding of Plaintiff's claims, the court will take judicial notice[4] of the trial court record in *State v. Jennings*, District Court of Douglas County, Nebraska, No. CR 16-2149, and the appellate court record in *State v. Jennings*, Nebraska Court of Appeals, No. A 17-24. The court will also take judicial notice of a habeas action, which is referenced in the Complaint, that was initiated by Plaintiff on March 27, 2018, and remains pending, *Jennings v. State*, District Court of Douglas County, Nebraska, No. CI 18-2541.[5]

Basically, the record shows Plaintiff pled guilty to attempted burglary, a Class III felony, and to operating a motor vehicle during a revocation period, a Class IV felony, and, on December 13, 2016, was sentenced to be imprisoned in an institution under the jurisdiction of NDCS "for a period of 3 to 3 years" on the first count and "2 to 2 years" on the second count, to run consecutively.[6] On January 5, 2017, Plaintiff appealed his sentences to the Nebraska Court of Appeals.[7] On July 11, 2017, the Court of Appeals entered a Memorandum Opinion and Judgment[8] finding plain

---

[4] *See* Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[5] Records of all three proceedings are available at www.nebraska.gov/justice.

[6] Plaintiff was given credit for 69 days served.

[7] Plaintiff was represented on appeal by Riley and LeAnne M. Srb, an Assistant Public Defender. Peterson and Liss appeared for the State.

[8] *See State v. Jennings*, No. A-17-024, 2017 WL 2954490 (Neb. App., July 11, 2017 (unpublished decision).

error under the Nebraska Supreme Court's decision in *State v. Artis*, 894 N.W.2d 349 (Neb. 2017), which holds that even though a sentence has identical minimum and maximum terms of imprisonment, it is indeterminate. Because both crimes of which Plaintiff stood convicted require a determinate sentence to be imposed, *see* Neb. Rev. Stat. § 29-2204.02(1)(a), the Court of Appeals vacated the sentences and remanded the cause to the District Court for resentencing. The Court of Appeals' mandate was issued on September 27, 2017, and was received by the District Court two days later. The next docket entry in the criminal case is dated April 11, 2018, and is a pro se Notice of Hearing filed by Plaintiff, giving notice that his resentencing hearing was scheduled for April 24, 2018. The hearing did, in fact, take place on that date,[9] and Plaintiff was sentenced to a 3-year term of imprisonment on the attempted burglary charge, and to a 2-year term of imprisonment on the charge of driving during revocation.[10] Plaintiff, proceeding pro se, has since appealed those sentences to the Nebraska Court of Appeals.

### B. Plaintiff's Claims Against the State of Nebraska and Its Officials

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). A state's sovereign immunity extends to public officials sued in their official capacities, as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Because the complaint does not "expressly and unambiguously" state that Peterson, Liss, and Frakes are sued personally, the court must assume that they are sued only in their official capacities as Attorney General, Assistant Attorney General, and Director of NDCS. *See id.*

---

[9] Plaintiff was represented at the resentencing hearing by McClung. Jennifer Mekna, Assistant Douglas County Attorney appeared for the State.

[10] Plaintiff was given credit for 567 days served.

Even if Peterson and Liss were named as defendants in their individual capacities, they are absolutely immune from suit for damages with respect to any alleged misconduct in connection with Plaintiff's criminal case. *See Trobaugh v. Kelly*, 221 F.3d 1344 (8th Cir. 2000) (unpublished) (county attorney and attorneys general were protected by absolute prosecutorial immunity in § 1983 action in which inmate alleged they had failed to inform him that his counsel had not filed a brief in his criminal appeal, and had resisted granting relief inmate sought upon learning of counsel's omission) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

While Frakes would not be immune from suit in his individual capacity for any alleged misconduct in connection with Plaintiff's confinement at a NDCS facility, the facts alleged in the Complaint are not sufficient to establish a due process violation. Plaintiff's contention that he should have been released on bail or detained in county jail pending resentencing does not rise to the level of a constitutional claim. *See Betterman v. Montana*, 136 S. Ct. 1609, 1618 n. 9 (2016) ("[D]uring this period [between conviction and sentencing] the defendant is often incarcerated. Because postconviction incarceration is considered punishment for the offense, however, a defendant will ordinarily earn time-served credit for any period of presentencing detention. That such detention may occur in a local jail rather than a prison is of no constitutional moment, for a convicted defendant has no right to serve his sentence in the penal institution he prefers.") (citations omitted)).

In *Payano v. Potter*, No. 12-CV-889-BBC, 2013 WL 12094227 (W.D. Wis. Feb. 21, 2013) and 2013 WL 12094226 (W.D. Wis. Apr. 30, 2013), *aff'd*, 554 F. App'x 522 (7th Cir. 2014) (unpublished), a prison inmate brought a § 1983 action against the warden and an assistant district attorney for allegedly violating his constitutional rights by keeping him confined in prison after the Wisconsin Court of Appeals reversed his criminal conviction and remanded the case for a new trial. The Wisconsin Supreme Court subsequently reversed the decision of the court of appeals and reinstated the plaintiff's convictions, but he sought to recover damages for the intervening 14-month period of confinement. The federal district court determined on

initial review that the plaintiff's complaint failed to state a claim upon which relief may be granted because the plaintiff "did not have a right under the constitution to be held in a county jail. Rather, as a pretrial detainee, the Fourteenth Amendment due process clause prohibited the government from punishing plaintiff, but did not prohibit it from confining him in a penal institution." 2013 WL 12094226, at *1. "[T]he due process clause does not give rise to a liberty interest in being detained in a county jail, rather than a state prison." Id. (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

The federal district court in *Payano* also ruled on a motion for reconsideration that Wisconsin statutes providing that "a sentence of less than one year shall be to the county jail, a sentence of more than one year shall be to the Wisconsin state prisons," and that "[a] copy of the judgment [of conviction] shall constitute authority for the sheriff to execute the sentence," did not give the plaintiff a liberty interest in being free from state prison. The court stated: "Although state law may create liberty interests that trigger the due process protections of the Fourteenth Amendment, Wolff v. McDonnell, 418 U.S. 539, 557 (1974), nothing in the language of these statutes suggests that they were intended to confer due process rights on pretrial detainees.... [The plaintiff] is challenging the state's compliance with state law and contends that he should have been released automatically when his conviction was overturned. Such a claim is not a constitutional claim; it is a state law claim." Id.

The Seventh Circuit affirmed the dismissal of the plaintiff's complaint by finding that the lawsuit was precluded by Heck v. Humphrey, 512 U.S. 477 (1994), because the Wisconsin Supreme Court had ruled that the plaintiff's conviction and sentence were valid. 554 F. App'x at 524. The Seventh Circuit rejected the plaintiff's argument that he temporarily ceased to be a convicted prisoner between his appellate victory and the Wisconsin Supreme Court's reversal of it, stating that "[a] prisoner whose conviction has been reversed and remanded for retrial does not become a pretrial detainee before the reversing court's mandate has issued." Id. (citing Crane v. Logli, 992 F.2d 136, 139-40 (7th Cir.1993)).

In the present case, Plaintiff cannot claim to be a pretrial detainee because only his sentences were vacated. The Supreme Court in *Bell* defined pretrial detainees as "those persons who have been charged with a crime but who have not yet been tried on the charge." 441 U.S. at 523. Because Plaintiff remained a convicted felon even after the Nebraska Court of Appeals vacated his sentences and issued its mandate, no due process liberty interest is implicated. *Cf. Crane*, 992 F.2d at 139 (affirming dismissal of prisoner's § 1983 action against prison officials for their failure to transfer him to county jail prior to issuance of mandate by Illinois Supreme Court, which reversed his conviction and remanded for retrial, and holding that "[t]he complaint fails to allege any constitutional violation because it does not set forth facts that implicate a Due Process liberty interest.").

Plaintiff's claims against Frakes are also *Heck*-barred. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87.

Although Plaintiff's original, indeterminate sentences were vacated by the Nebraska Court of Appeals, he has now been resentenced and given credit for time served on the original sentences (plus prior jail time). Because the newly imposed sentences have not been invalidated and include full credit for the time Plaintiff spent in prison between September 27, 2017, when the Court of Appeals' mandate was issued, and April 24, 2018, when Plaintiff was resentenced, he cannot seek to recover damages in a § 1983 action by claiming that such imprisonment was unconstitutional.

### C. Plaintiff's Claims Against Public Defenders

Because Plaintiff does not clearly indicate that Riley and McClung are sued in their individual capacities, the court must construe the Complaint as alleging only official-capacity claims against the Douglas County Public Defender and Assistant Public Defendant. In effect, therefore, Plaintiff is suing Douglas County.

Local governing bodies, such as counties, are "persons" for the purpose of § 1983, but are liable only for injuries arising from an official policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646.

Plaintiff's allegations do not establish the existence of an official policy or custom for which Douglas County may be held liable. Plaintiff merely complains he was not provided adequate legal representation between the date the Nebraska Court of Appeals vacated his original sentences and the date he was resentenced.

In addition, it has been held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322, n. 13. Thus, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Riley and McClung, regardless of whether they are sued in their official or individual capacities.

## IV. CONCLUSION

All claims alleged against the State of Nebraska and its officials must be dismissed based on Eleventh Amendment immunity. Attorney General Peterson and Assistant Attorney General Liss are also shielded by prosecutorial immunity. Director Frakes would not be immune from suit in his individual capacity, but Plaintiff's Complaint fails to state a claim upon which relief may be granted because no due process liberty interest is implicated based solely on Plaintiff's confinement pending resentencing. This fundamental defect cannot be cured by amendment. Moreover, the *Heck* doctrine would bar such a § 1983 action.

Plaintiff's claims against Public Defender Riley and Assistant Public Defender McClung must be dismissed because no official policy or custom is alleged to support an official-capacity claim. Moreover, they were not acting under color of state law in representing Plaintiff.

In summary, Plaintiff's Complaint seeks monetary relief under § 1983 from certain Defendants who are immune from such relief, and it fails to state a claim upon which relief may be granted. Because amendment would be futile, this action will be dismissed on initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

DATED this 6th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge